UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JHAFFRE McCLAIN,

     Petitioner,

 v.

               9:18-CV-0613
               (GTS/CFH)

SUPERINTENDENT,

     Respondent.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JHAFFRE McCLAIN<br>14-A-2934<br>Petitioner, pro se<br>Fishkill Correctional Facility<br>P.O. Box 1245<br>Beacon, NY 12508 | |
| HON. BARBARA D. UNDERWOOD<br>Attorney for Respondent<br>New York State Attorney General<br>28 Liberty Street<br>New York, NY 10005 | ALYSON J. GILL, ESQ.<br>Ass't Attorney General |

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

On May 24, 2018, petitioner Jhaffre McClain filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). In his habeas petition, petitioner challenges a 2014 judgment of conviction rendered in Albany County, upon a guilty plea of first and second degree robbery. *Id.* at 1-2; *see also People v. McClain*, 145 A.D.3d 1192,

1192 (3rd Dep't 2016).[1]  The judgment was affirmed on direct appeal and, on February 23, 2017, the New York Court of Appeals denied leave to appeal.  *McClain*, 145 A.D.3d at 1194, *lv. denied,* 28 N.Y.3d 1186 (2017).

In his petition, petitioner noted his intention to file a motion collaterally attacking his criminal conviction pursuant to Criminal Procedure Law § 440.10; however, nothing had yet been filed.  Pet. at 14.  Further, petitioner indicated he would "notify the Court when his motion had been filed with the trial court and seek to hold this petition in abeyance until his 440.10 motion [wa]s fully litigated in the State courts."  *Id.*  Petitioner filed said 440 motion in state court on June 11, 2018, and it is still pending.  Dkt. No. 9.  Presently before this Court is petitioner's motion to stay the current proceedings.  Dkt. No. 7.  Respondent does not object to petitioner's motion. Dkt. No. 9.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies.  *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).  This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless."  *Id.* at 277.  A stay may become "the only appropriate course [of action] in cases . . . where an outright dismissal could jeopardize the timeliness of collateral attack."  *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part and in judgment)

---

[1]  Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies [especially] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the AEDPA's 1-year limitations period."); *Evans v. Senkowski,* 228 F. Supp. 2d 254, 261 (E.D.N.Y. 2002) ("In sum, [the Second Circuit] holds that a mixed petition, filed on the eve of the running of the AEDPA statute of limitations, should be stayed rather than dismissed.").

Under the circumstances presented in this case, the Court finds that a stay is warranted. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on May 24, 2017, ninety days after the New York Court of Appeals denied leave to appeal. Petitioner had until May 24, 2018 to file a timely habeas petition. Petitioner's original petition was signed May 13, 2018,[2] nine days before the statute of limitations expired. Dismissal of the petition without prejudice at this point would result in any future petition being subject to dismissal as time-barred.

Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

3

Therefore, petitioner's motion to stay his petition is granted. However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion."). Therefore, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached.

**Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

**WHEREFORE**, it is

**ORDERED**, that petitioner's motion to stay his petition (Dkt. No. 7) is **GRANTED**; and it is

**ORDERED**, that petitioner must advise the Court in writing, **every thirty (30) days**, beginning thirty (30) days from the date of this Decision and Order, on the status of the pending state court application, including the date upon which any decision is reached; and it is

4

**ORDERED**, that **within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision; and it is

**ORDERED**, that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: October 17, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge