UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JHAFFRE McCLAIN,

        Petitioner,

v.

SUPERINTENDENT,

        Respondent.

9:18-CV-0613
(GTS/CFH)

---

APPEARANCES:

JHAFFRE McCLAIN
14-A-2934
Petitioner, pro se
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

OF COUNSEL:

ALYSON J. GILL, ESQ.
Ass't Attorney General

## DECISION and ORDER

Petitioner Jhaffre McClain filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 judgment of conviction, upon a guilty plea, of first and second degree robbery. Dkt. No. 1, Petition ("Pet."); *see also People v. McClain*, 145 A.D.3d 1192, 1192 (3rd Dep't 2016).[1] The judgment was affirmed on direct appeal and, on February

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

23, 2017, the New York Court of Appeals denied leave to appeal. *McClain*, 145 A.D.3d at 1194, *lv. denied,* 28 N.Y.3d 1186 (2017).

Petitioner noted his intention to file a motion collaterally attacking his criminal conviction pursuant to Criminal Procedure Law § 440.10 ("440 motion"); however, nothing had yet been filed at the time his petition was submitted. Pet. at 14. Petitioner filed said 440 motion in state court on June 11, 2018, and then filed an unopposed motion seeking a stay of his habeas proceedings. Dkt. Nos. 7, 9.

On October 17, 2018, this Court granted the stay and ordered petitioner to file status reports, every thirty days, apprising the Court of the procedural posture of the state court matter. Dkt. No. 12, Decision and Order dated 10/17/18 ("October Order"). Petitioner fully complied with the October Order, timely filing status updates through April of 2019. Dkt. Nos. 13-17.

On April 29, 2019, the Court received a report from petitioner requesting that the stay be lifted, as his state court proceedings had concluded, and seeking legal advice on how to best pursue all of his exhausted claims. Dkt. No. 17. Specifically, petitioner indicated "that based on the Appellate Division's denial, [he] would like to merge [his] CPL 440.10 claims with [his] pending habeas corpus petition." *Id.* Petitioner expressed concern that he would improperly consolidate all of his claims which "may result in [him] being barred . . . from raising the denial of [his] CPL 440.10 issues in this Court." *Id.*

The Court granted petitioner's request to lift the stay and emphasized that it could not provide petitioner with any legal advice. Dkt. No. 18, Text Order dated 05/09/19.

> However, th[e Clerk's Office could] provide forms and procedural
> information [to petitioner]. Petitioner [wa]s advised that any motion
> to amend his habeas corpus petition must comply with Local Rule

> 7.1(a)(2) and should be accompanied by an affidavit and a
> complete unsigned copy of the proposed amended petition to
> include all of his claims. The Clerk [wa]s directed to send petitioner
> a blank habeas petition form and courtesy copy of the Pro Se
> Handbook. Petitioner [was given leave to] file any motion to amend
> on or before June 10, 2019. If no motion [wa]s filed by that date, the
> Court w[ould] set a deadline at that time for Respondent to respond
> to the current habeas petition.

*Id.* Petitioner then sought, and was granted, a short extension of time within which to file his amended petition. Dkt. Nos. 19, 20.

On June 19, 2019, the Court received petitioner's amended petition. Dkt. No. 21, Amended Petition ("Am. Pet."). Petitioner claimed that he was entitled to habeas relief because (1) his trial counsel was ineffective; (2) his plea was unknowing; (3) his due process rights were violated by trial court errors in a pretrial hearing; and (4) he was denied equal protection by the trial court when it allowed him to plead guilty to a legally unenforceable agreement. *Id.* at 5-10. These claims formed the basis of petitioner's 440 motion. *Id.* However, petitioner's amended petition did not incorporate the claims from his initial petition, namely that petitioner was entitled to relief because (1) he was unlawfully arrested; (2) his constitutional rights were violated when an unduly suggestive identification procedure was used; and (3) his due process rights were violated when the trial court issued an incomplete pretrial hearing decision. Pet. at 5-14. Petitioner also indicated that his amended petition served as "an amendment to a petition pending within this Court." Am. Pet. at 12.

It is unclear to the Court whether petitioner intends on abandoning his original claims or wishes to amend his petition to add the new claims from his 440 motion in addition to those he initially pled in his first petition. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a federal habeas petition brought

3

pursuant to 28 U.S.C. § 2254 (1) "specify all the grounds for relief available to the petitioner," and (2) "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)-(2). Given petitioner's prior letter to the Court, Dkt. No. 17, and the entry in his amended petition, Am. Pet. at 12, it seems that petitioner did not fully understand his obligations and requires one further opportunity to clarify his intentions. Accordingly, the Court will provide petitioner with a final opportunity to file an amended petition.

This document should include **all** the claims for which petitioner is seeking relief in one document. If petitioner chooses not to file another amended petition, then the Court will assume that petitioner has abandoned the claims in his original petition and will issue an order directing respondent to answer the claims in the instant amended petition.

**WHEREFORE**, it is

**ORDERED** that petitioner has twenty-one (21) days from the filing date of this Decision and Order to file another amended petition which sets forth **all** of the claims which petitioner contends entitles him to habeas relief, in **one** petition; and it is further

**ORDERED** that if petitioner chooses not to file another amended petition, the Court will treat the instant amended petition, Dkt. No. 21, as the operative pleading; and it is further

**ORDERED** that the Clerk is respectfully directed to provide petitioner with another blank habeas petition form; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: June 25, 2019
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge